# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

VANESSA REDUS,
               Appellant,

      v.

UNITED STATES POSTAL SERVICE,
               Agency.

DOCKET NUMBER
AT-0353-17-0132-I-1

DATE: April 19, 2023

# THIS ORDER IS NONPRECEDENTIAL[*]

<u>Vanessa Redus</u>, Cordova, Tennessee, pro se.

<u>Sandra W. Bowens</u>, Esquire, Memphis, Tennessee, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2      The agency employs the appellant as a Mail Processing Clerk. Initial Appeal File (IAF), Tab 1 at 1, Tab 5 at 8. She suffered compensable injuries in 2003 and 2005. IAF, Tab 5 at 9; Petition for Review (PFR) File, Tab 1 at 3. On July 6, 2015, her doctor completed a Form CA-17 (Duty Status Report) that cleared her to resume work within certain medical restrictions. IAF, Tab 5 at 3. She forwarded the form to the agency's Injury Compensation Specialist, seeking restoration as a partially recovered employee. *Id.* at 1. The agency offered the appellant a modified limited duty assignment dated October 1, 2015, but she declined it because she claimed that the physical requirements of the modified assignment were outside her medical restrictions. IAF, Tab 10 at 1, 6. The appellant alleged that she submitted additional Forms CA-17 to the Injury Compensation Specialist in the subsequent months. IAF, Tab 5 at 1, 4-7. As a result of a Form CA-17 dated January 12, 2017, the agency offered her a different modified limited duty assignment on January 18, 2017, which she accepted. IAF, Tab 10 at 1, 4-5; PFR File, Tab 1 at 1.

¶3      On November 21, 2016, the appellant filed an appeal alleging that the agency improperly denied her request for restoration as a partially recovered employee beginning in July 2015 and that the agency discriminated against her based on her disability. IAF, Tab 1. Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 19, Initial Decision (ID). She found that the appellant made nonfrivolous allegations that she was absent from work due to a compensable injury and that she recovered sufficiently to return to duty on a part-time basis or in a position with less demanding physical requirements than those previously required of her. ID at 7. She found, however, that the appellant failed to nonfrivolously allege that the agency denied her request for restoration because she did not prove that the October 2015 modified assignment offer was outside her medical restrictions. ID at 8. She then found that, even if the

appellant had nonfrivolously alleged a denial of restoration, she failed to nonfrivolously allege that the denial was arbitrary and capricious because she admitted that she did not appear for investigative interviews regarding her extended absence. ID at 8-9. She further found that the Board lacked jurisdiction to consider the appellant's disability discrimination claim in the absence of an otherwise appealable action. ID at 9.

¶4      The appellant has filed a petition for review. PFR File, Tab 1. The agency has responded in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      The Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious. *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1103–04 (Fed. Cir. 2011), *modified in part by regulation as stated in Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 10 (2016); 5 C.F.R. § 353.304(c). To establish jurisdiction and obtain a hearing on the merits, an appellant must make the following nonfrivolous allegations: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the agency's denial was arbitrary and capricious. *Kingsley*, 123 M.S.P.R. 365, ¶ 11; 5 C.F.R. § 1201.57(a)(4), (b).

¶6      While this appeal was pending on review, the Board issued a decision clarifying the jurisdictional standard in partial restoration appeals. *Cronin v. U.S. Postal Service*, 2022 MSPB 13. In *Cronin*, the Board found that a denial of restoration is arbitrary and capricious if—and only if—the agency failed to meet its obligations under 5 C.F.R. § 353.301(d). *Id.*, ¶ 20. The Board explicitly overruled *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012), and its progeny to the extent such precedent held that a denial of restoration may be

arbitrary and capricious based on an agency's failure to comply with its self-imposed restoration obligations, such as those provided in the agency's Employee and Labor Relations Manual.  *Id.*  Accordingly, to establish jurisdiction under the fourth jurisdictional element, an appellant must make a nonfrivolous allegation that the agency failed to comply with the minimum requirement of 5 C.F.R. § 353.301(d), i.e., to search within the local commuting area for vacant positions to which it can restore a partially recovered employee and to consider her for any such vacancies.  *Id.*

¶7        Here, the parties did not have the benefit of the Board's decision in *Cronin* during the proceedings below, and we are unable to determine whether the appellant met her jurisdictional burden based on the record before us.  Therefore, we remand the case to the regional office to allow the parties an opportunity to submit evidence and argument supporting their positions under the clarified jurisdictional standard.  We advise the parties that, under *Cronin*, an offer of a modified limited duty assignment—even one within an employee's medical restrictions—without evidence that the agency conducted a proper search for vacant positions within the local commuting area does not meet the minimum requirement of 5 C.F.R. § 353.301(d).  *Cronin*, 2022 MSPB 13, ¶ 20.

¶8        Should the appellant establish jurisdiction over her appeal on remand, the administrative judge must adjudicate the appellant's disability discrimination claim.  *See Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶¶ 20-21.

**ORDER**

¶9        For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                              <u>/s/ for</u>

                                           Jennifer Everling
                                           Acting Clerk of the Board
Washington, D.C.